Case 4:24-cv-00270   Document 4   Filed on 02/08/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT GRAVES, <br> (TDCJ #02023036) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-24-270 |
| NAME UNKNOWN #1, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Scott Graves, (TDCJ # 02023036), is an inmate at the Hughes Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. Representing himself, he sues two unidentified Hughes Unit corrections officers under 28 U.S.C. § 1983, alleging that they violated his constitutional rights by using excessive force against him on March 3, 2020. (Docket Entry No. 1). Graves did not pay the applicable filing fee; instead, he filed a motion to proceed without prepaying the filing fee. (Docket Entry No. 2). After reviewing the pleadings, the court concludes that the case must be dismissed, for the reasons that follow.

Initially, the court notes that the case is not properly filed in this district. The applicable federal venue statute provides that a civil action may be brought in only one of the following: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ;" or (3) "if there is no district where the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Graves's complaint seems to allege that the two corrections officers involved in the incident are employed by, and the

complained-of civil rights violations allegedly occurred at, TDCJ's Hughes Unit, which is located in Gatesville, Coryell County, Texas. Coryell County is not within the territorial boundaries of the Southern District of Texas, *see* 28 U.S.C. § 124(b), but is instead located within the Western District of Texas, Waco Division. *See* § 124(d)(2). As a result, Graves's complaint was not properly filed in this district. *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

Usually, this court will transfer cases incorrectly filed in this district to the correct district. *See* 28 U.S.C. § 1406(a) (when a civil action has been filed in the wrong venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"). Under this statute, a district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (per curiam). In this case, the court will not transfer Graves's action because he has not paid the applicable filing fee and is not eligible to proceed in this action without prepaying the filing fee.

This action is governed by the Prison Litigation Reform Act, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepaying the filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action without prepaying the filing fee if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, while Graves has been incarcerated, courts have dismissed more than three of his civil actions and appeals as frivolous or for failure to state a claim upon which relief could be granted. *See Graves v. Hartley*, No. 22-50430 (5th Cir. Jan. 11, 2023) (dismissed

as frivolous); *Graves v. Guadalupe Valley Reg'l Med. Ctr.,* No. 5:16-cv-1017 (W.D. Tex. Oct. 26, 2016) (dismissed as frivolous and for failure to state a claim); *Graves v. Seguin Police Dep't,* No. 5:16-cv-967 (W.D. Tex. Nov. 4, 2016) (dismissed as frivolous and for failure to state a claim); *Graves v. Zwicke, et al.,* No. 5:16-cv-1000 (W.D. Tex. April 25, 2017) (dismissed as frivolous). As a result of these prior filings, Graves may not proceed with this civil action without prepaying the filing fee. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Graves is well aware of this restriction on his ability to proceed without prepaying the filing fee because multiple courts have dismissed other actions he has filed as barred by § 1915(g). *See, e.g., Graves v. Togo*, No. 6:23-cv-191 (W.D. Tex. Mar. 20, 2023); *Graves v. Nasiotis*, No. 6:23-cv-192 (W.D. Tex. Mar. 20, 2023); *Graves v. Bledso*, No. 6:23-cv-17 (W.D. Tex. Jan. 11, 2023); *Graves v. Tanaka*, No. 6:22-cv-473 (W.D. Tex. May 12, 2022); *Graves v. Hartley*, No. 6:22-cv-465 (W.D. Tex. May 10, 2022); *Graves v. Belanger*, No. 6:22-cv-102 (W.D. Tex. Jan. 28, 2022); *Graves v. Alsobrook*, No. 6:21-cv-706 (W.D. Tex. July 8, 2021); *Graves v. Reynolds, et al.*, No. 9:18-cv-91 (E.D. Tex. June 23, 2019).

Despite knowing of the restriction on his ability to proceed without prepaying the filing fee, Graves has not alleged facts in his complaint to show that he falls within the imminent danger exception. The imminent danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the prisoner must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the prisoner must be

facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm are not sufficient to trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). Neither are allegations based on speculation about a future potential injury. *See Davis v. Stephens*, 589 F. App'x 295, 296 (5th Cir. 2015) (per curiam). Neither are allegations of the denial of routine medical care for conditions that are not immediately life-threatening. *See, e.g., McCoy v. Murray,* 600 F. App'x 250, 251 (5th Cir. 2015) (per curiam) (a prisoner's complaints of pain from a prior injury and alleged delays in receiving medication did not establish that he was in imminent danger of serious physical injury when he filed his complaint).

Graves's allegations concern an excessive force incident that occurred almost two years ago. (Docket Entry No. 1, p 5). He alleges that one of the unidentified TDCJ officers sprayed him with pepper spray and then assaulted him, knocking him to the floor and kicking him in the head. (*Id.* at 5-6). Graves alleges that a second unidentified TDCJ officer got more pepper spray when the original bottle ran out and then stood and watched while the first officer assaulted Graves. (*Id.* at 6, 8). Graves alleges that an unidentified nurse later arrived at his cell, but she did nothing to help him. (*Id.* at 8). He also alleges that the two officers and others have since told him that they will kill him if he files a complaint against them. (*Id.* at 9). Graves further alleges that unidentified individuals who are members of the "Black Panther Party" have threatened him on unspecified

4

dates since the incident. (*Id.*). As relief, Graves seeks money damages to compensate for his pain and suffering and punitive damages. (*Id.* at 11).

These allegations of past injuries and nonspecific threats do not show that Graves was in imminent danger of serious physical injury when he filed his complaint. *See, e.g., Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) (per curiam) ("Cloud's bare assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants does not rise to the level of a showing that he was in 'imminent danger of serious physical injury' when he filed his complaint."); *Blanton v. Tex. Prison Sys. Mailroom Supervisors*, No. H-23-4560 (S.D. Tex. Dec. 15, 2023) (allegations that unnamed individuals at unidentified TDCJ units have conspired at unspecified times over the past eight years to murder the plaintiff were insufficient to show imminent danger); *see also Morris v. Walls*, No. 19-cv-00006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019) ("Prisoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances."). Because Graves has incurred three strikes and because his allegations do not show that he falls within the imminent danger exception, this action is barred by § 1915(g) unless Graves prepays the applicable filing fee. The court will dismiss this action rather than transferring it to another district.

Graves's complaint, (Docket Entry No. 1), is dismissed without prejudice under 28 U.S.C. § 1915(g). His motion to proceed without prepaying the filing fee, (Docket Entry No. 2), is denied. Any other pending motions are denied as moot. If Graves wishes to pursue this action, he must file a new complaint in the proper district and prepay the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this order. The court certifies that any appeal from this order is not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3). **The**

**Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED on February 8, 2024, at Houston, Texas.

                                    Lee H. Rosenthal
                                    United States District Judge